**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Victor Hugo Perez Luna, | Case No. 2:21-cv-01376-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi, | |
| Defendant. | |

This case involves review of an administrative action by the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits and supplemental security income under Title II of the Social Security Act. The Court reviewed Plaintiff's motion to remand (ECF No. 15), the Commissioner's countermotion to affirm and response to Plaintiff's motion (ECF Nos. 16, 18), and Plaintiff's reply (ECF No. 19). For the reasons stated below, the Court grants Plaintiff's motion to remand.

**I.      Background**

**A.      Procedural History**

On March 17, 2018, Plaintiff applied for disability insurance benefits under Title II of the Act, alleging an onset date of March 1, 2015. AR[1] 60. His claim was denied initially and on reconsideration. *Id*. A hearing was held before an Administrative Law Judge ("ALJ") on August 21, 2020. AR 78-106. On November 3, 2020, the ALJ issued a decision finding that Plaintiff was not disabled. AR 54-77. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on June 22, 2021. AR 1–9. Plaintiff then commenced this action.

**II.      Discussion**

**A.      Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g)

---

[1] AR refers to the Administrative Record in this matter. ECF No. 13-1.

provides: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is also incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is

supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### B.   Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)–(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe

when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).

Step four requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 54-77.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 1, 2015. AR 62.

At step two, the ALJ found that Plaintiff had the following medically determinable "severe" impairments: right shoulder SLAP tear, acromioclavicular joint arthrosis status-post decompression and repair, right hip osteoarthritis, lumbar spine degenerative disc disease, and cervical spine degenerative disc disease. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 63–64.

Before moving to step four, the ALJ also found that Plaintiff had the residual functional capacity to perform light work with exceptions, including that he had little or no ability to understand spoken English and could not read or write English. AR 64-69.

At step four, the ALJ found that Plaintiff could not perform any past relevant work. AR 69.

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and found that there were jobs that existed in significant numbers in the national economy that he could perform. AR 69-71. Specifically, the ALJ found that Plaintiff could work as an inspector and hand packager, assembler of small products, and final inspector.[3] AR 70. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from March 1, 2015 (the alleged onset date) through December 31, 2018 (the date last insured). AR 71.

**C.   Analysis**

**1.   Whether the ALJ Sustained Her Burden at Step Five Given Plaintiff's Language Abilities**

**i.   The Parties' Arguments**

Plaintiff argues that the ALJ failed to carry her burden at step five to show that Plaintiff could do other work considering his RFC. ECF No. 15 at 12. This is so because the ALJ determined, as part of Plaintiff's RFC, that Plaintiff had little to no ability to understand spoken English and could not read or write English. *Id.* Despite this, the ALJ found that Plaintiff could perform jobs requiring superior language skills, as defined in the DOT. *Id.*[4] The ALJ determined that Plaintiff could perform these jobs based on the vocational expert's (VE's) testimony. *Id.* at 13.

---

[3]The ALJ wrote that Plaintiff could be an "inspector" instead of a "final inspector," but this appears to be inadvertent (given the vocational expert's testimony that Plaintiff could perform work as a "final inspector" and the fact that the ALJ's DOT number corresponds to "final inspector").

[4] Specifically, the jobs the ALJ found Plaintiff could perform required language skills of Level 1 or 2 (as defined in the DOT). *Id.* at 12-13. Language Level 1 requires a person to read, write, and speak simple sentences using present and past tenses. *Id.* at 13. Language Level 2 requires additional language abilities *Id.* at 12-13.

Plaintiff argues that if a conflict exists between the VE's testimony and the Dictionary of Occupational Titles (DOT), as it did here, the ALJ must obtain an explanation for the conflict, determine whether the VE's position is reasonable despite conflicting with the DOT, and explain how the ALJ resolved the conflict. ECF No. 15 at 14. Plaintiff argues that this did not occur here. *Id.*

Defendant disagrees. ECF No. 16. Defendant first argues that Plaintiff waived this argument by not raising it before the ALJ. *Id.* at 16-18. Defendant also argues that even if the Court were to consider the merits of Plaintiff's argument, it fails. *Id.* at 19-20. Defendant argues that although the VE's testimony conflicted with the DOT, the VE explained the conflict, ALJ found the explanation sufficient, and the explanation was sufficient under SSR 00-4p. *Id.* at 20.

**ii.    The Evidence**

A VE testified before the ALJ about jobs a hypothetical person with Plaintiff's RFC, including his limited language abilities, could perform. AR 96-105. The VE testified that such a person could work as an inspector and hand packager, assembler of small products, and final inspector. AR 99-100. The VE then asked the ALJ, "[d]o you want me to address the language issues?" AR 100. The ALJ stated, "[w]ell, I'm assuming since it was in the hypothetical, that you've taken that into consideration." *Id.* The VE then noted that Plaintiff's past work required Language Level 2, per the DOT, and that the jobs the VE identified Plaintiff could do were Language Level 2 or lower. *Id.* The VE then stated, "you do have people in my experience, because my first language is Spanish that, you know, and I've seen this with many injured workers I've had in rehab where you can train them because the work is rather readily apparent and they can learn it." *Id.* The ALJ followed up on this statement and asked the VE to "get to the bottom line" of whether, considering Plaintiff's language limitation, he could do the three jobs the VE identified. *Id.* at 100-101. The VE confirmed that he believed Plaintiff could do the three jobs identified. *Id.* at 101.

The ALJ relied on the VE's testimony to determine that Plaintiff could perform work as an inspector and hand packager, assembler of small products, and final inspector. AR 70. The ALJ determined that the VE's testimony was consistent with the DOT. *Id.* However, the ALJ also

wrote that for areas not addressed in the DOT (including language limitations), the VE "testified that his testimony was based on his knowledge, training, education, and observation of those occupations." *Id.* Based on the VE's testimony, the ALJ concluded that the Plaintiff could perform these jobs and was not disabled. *Id.* at 70-71.

As previously discussed, Plaintiff argues that the ALJ erred by relying on the VE's testimony without obtaining a reasonable explanation for the conflict between his testimony and the DOT and explaining how she resolved the conflict. Defendant argues that Plaintiff waived this argument and that it fails on the merits. The Court will first address Defendant's waiver-argument, followed by merits of Plaintiff's argument.

### iii. Whether Plaintiff Waived this Argument

The Ninth Circuit has expressly stated that counsel does not waive its right to argue that the VE's testimony conflicts with the DOT and that the ALJ did not appropriately reconcile the conflict, even if this issue is not raised before the ALJ. The Ninth Circuit has stated:

> our law is clear that a counsel's failure does not relieve the ALJ of his express duty to reconcile apparent conflicts through questioning: "When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is *required* to reconcile the inconsistency."

*Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017) (*citing Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006) (claimant "was not required to raise th[e conflict] at the hearing, because [SSR 00–4p] places the burden of making the necessary inquiry on the ALJ")); *see also Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[A]n ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT, regardless of whether a claimant raises the conflict before the agency."); *Cisneros-Bello v. Berryhill*, No. 1:15-CV-01698-JLT, 2017 WL 1037618, at *4 (E.D. Cal. Mar. 16, 2017) ("Plaintiff's failure to question the VE regarding conflicts between his testimony and the language requirements under the *Dictionary of Occupational Titles* at the hearing does not result in a waiver of the issue."). Accordingly, Plaintiff did not waive his argument that the ALJ failed to reconcile the conflict between the VE's testimony and the DOT.

1              **iv.     Whether the ALJ Erred**

2          The Court finds that the ALJ erred by failing to adequately reconcile the conflict between

3    the VE's testimony and the DOT.

4          First, the Court finds that there was a conflict between the DOT and the VE's testimony.

5    The ALJ asked the VE to consider a hypothetical person who had little to no ability to understand

6    spoken English and could not read or write English (as this was part of Plaintiff's RFC). AR 97.

7    The VE testified that such a person could work as an inspector and hand packager, assembler of

8    small products, and final inspector. AR 99-100. As defined in the DOT, the occupation of

9    inspector and hand packager requires a Language Level 2 (*Dictionary of Occupational Titles*

10   559.687-074 Inspector and Hand Packager, *available at* 1991 WL 683797), assembler of small

11   products requires a Language Level 1 (*Dictionary of Occupational Titles* 706.684-022 Assembler,

12   Small Products, *available at* 1991 WL 679050), and final inspector requires a Language Level 2

13   (*Dictionary of Occupational Titles* 727.687-054 Final Inspector, *available at* 1991 WL 679672).

14   Language Level 1 requires a person to recognize the meaning of 2,500 words, read at a rate of 95-

15   120 words a minute, write simple sentences, and speak simple sentences using present and past

16   tenses. *Dictionary of Occupational Titles,* Appendix C, *available at*

17   https://occupationalinfo.org/appendxc_1.html. Language Level 2 requires a person to have a

18   vocabulary of 5,000-6,000 words, read at a rate of 190-215 words per minute, write compound

19   and complex sentences, and speak clearly using appropriate emphasis, pronunciation, and present,

20   perfect, and future tenses. *Id.* As such, there was a conflict between the VE's testimony that a

21   person with Plaintiff's language abilities could perform these jobs and the DOT's requirements

22   for these jobs. The parties do not dispute this. *See* ECF No. 15 at 13 (Plaintiff's Motion); ECF

23   No. 18 at 20 (Defendant's Response) (the DOT "indicates that the three occupations upon which

24   the ALJ relied had a language requirement that Plaintiff could not meet.").

25         Second, the Court finds that ALJ failed to adequately reconcile the conflict between the

26   DOT and the VE's testimony.

27

28

SSR 00-4p, which is binding on ALJs,[5] provides that VEs' testimony should ordinarily be consistent with the DOT. *Pol'y Interpretation Ruling: Titles II & Xvi: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions*, SSR 00-4P (S.S.A. Dec. 4, 2000). When there is a conflict between the VE's testimony and the DOT, "the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . ." *Id.* The VE's information may come from "reliable publications, information obtained directly from employers, or from a VE's" experience in career counseling. *Id.* Though the DOT does not automatically trump a VE's testimony, the ALJ must resolve the conflict by determining if the explanation given by the VE is reasonable and provides a basis for relying on the VE's testimony rather than the DOT. *Id.* In her decision, the ALJ "must explain the resolution of the conflict . . . ." *Id.* Requiring the ALJ to explain the resolution of the conflict "ensure[s] that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the *Dictionary of Occupational Titles.*" *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).

Here, the ALJ incorrectly stated that there was no conflict between the VE's testimony and the DOT and, likely accordingly, did not explain the resolution of the conflict. The ALJ wrote:

> Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. Additionally, in regard to areas not addressed in the Dictionary of Occupational Titles such as . . . language limitations, the vocational expert testified that his testimony was based on his knowledge, training, education, experience, and observation of those occupations.

AR 70. This is incorrect. As previously explained, the DOT *does* address the language requirements for the occupations the ALJ determined Plaintiff could do. And the language requirements exceeded Plaintiff's RFC. Accordingly, the VE's testimony (that Plaintiff could perform these jobs given his RFC) is inconsistent with the DOT. The parties do not dispute this.

---

[5] "SSRs, according to the governing regulations, 'are binding on all components of the Social Security Administration' and 'represent precedent final opinions and orders and statements of policy and interpretations' of the SSA." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009) (citing 20 C.F.R. § 402.35(b)(1)).

1    *See* ECF No. 15 at 13 (Plaintiff's Motion); ECF No. 18 at 20 (Defendant's Response). The ALJ

2    did not acknowledge this conflict, and accordingly, did not "explain the resolution of the

3    conflict," as required by SSR 00-4p. *See Pol'y Interpretation Ruling: Titles II & Xvi: Use of*

4    *Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in*

5    *Disability Decisions*, SSR 00-4P (S.S.A. Dec. 4, 2000).

6         The ALJ's brief statement that the VE's testimony about language limitations was based

7    on his "knowledge, training, education, experience, and observation of those occupations" does

8    not change the Court's analysis. *See* AR 70. First, the VE did not testify that a person with

9    Plaintiff's RFC could do the jobs identified based on his "knowledge, training, education,

10   experience, and observation of those occupations." He testified that (1) Plaintiff's previous job

11   required Level 2 language abilities and (2) in his experience, he had seen "many injured workers

12   I've had in rehab where you can train them because the work is rather readily apparent and they

13   can learn it." AR 100. Accordingly, the ALJ's statement about the VE's testimony (that he

14   testified based on his "knowledge, training, education, experience, and observation of those

15   occupations") is inaccurate. Second, the "ALJ did not identify what aspect of the VE's experience

16   warranted deviation from the DOT, and did not point to any evidence in the record other than the

17   VE's sparse testimony for the deviation." *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th

18   Cir. 2008). In other words, the ALJ did not specify whether he thought Plaintiff could perform the

19   three jobs identified because his prior work required Level 2 language abilities or whether he

20   thought Plaintiff could do these three jobs based on the VE's testimony that he had seen other

21   people learn "readily apparent" work. As such, the ALJ's reliance on the VE's testimony about

22   language limitations is based on an inaccurate statement and does nothing to explain why the ALJ

23   relied on the VE's testimony rather than the DOT.

24        Further, the VE's brief testimony does not provide substantial evidence that Plaintiff could

25   perform the three occupations identified. As previously noted, the VE testified that Plaintiff could

26   perform the three occupations identified (with their language requirements of Levels 1 or 2)

27   because (1) Plaintiff's previous job required Level 2 language abilities and (2) in his experience,

28   he had seen "many injured workers I've had in rehab where you can train them because the work

is rather readily apparent and they can learn it." AR 100. Regarding the first point, the VE did not explain how the language level required for Plaintiff's past work is relevant to the new occupations identified. It appears that the VE and ALJ may have assumed that if Plaintiff could do one job with a Level 2 language requirement, he could do all jobs with a Level 1 or 2 language requirement. But the Court is far from sure this assumption is correct without additional evidence on this point. *See Cisneros-Bello v. Berryhill*, No. 1:15-CV-01698-JLT, 2017 WL 1037618, at *4 (E.D. Cal. Mar. 16, 2017) (addressing same issue and remanding). Regarding the second point, the VE did not flesh out whether the "readily apparent" "work" he spoke about was the same as the occupations he testified Plaintiff could do. And even if it was, the VE did not explain why the ALJ should rely on the VE's (presumably local) experience for what these jobs are like nationally (as the ALJ relied on the number of these jobs that exist in the national economy to determine there are jobs that exist in significant numbers that Plaintiff can do). *See* AR 70, 99-100. In other words, the fact that the VE has seen some non-English speakers successfully trained in certain jobs in some area of the country does not necessarily mean that non-English speakers could be successfully trained in these jobs in all areas of the country. Accordingly, the VE's brief testimony does not provide substantial evidence that Plaintiff could perform the three occupations identified. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (ALJ erred in deferring to VE's personal knowledge and experience when it conflicted with the DOT, as VE's testimony was brief and indefinite); *Coleman v. Astrue*, 423 F. App'x 754, 756 (9th Cir. 2011) (VE's brief and speculative testimony was insufficient to resolve the conflict between his testimony and the DOT).

Because the ALJ failed to recognize and reconcile the conflict between the DOT and the VE's testimony, and the VE's testimony does not provide substantial evidence that Plaintiff could perform the occupations identified, the Court will remand this case. *See Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015); *De Rivera v. Berryhill*, 710 F. App'x 768, 768–69 (9th Cir. 2018) (ALJ's failure to reconcile claimant's inability to read English with DOT's reading requirement required remand). The ALJ is to have a new hearing to determine whether, given Plaintiff's age,

education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Because the Court remands for the ALJ to have a new hearing, it need not reach Plaintiff's other two arguments.[6]

**III.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to remand (ECF No. 15) is GRANTED.

IT IS FURTHER ORDERED that this case is remanded for further proceedings consistent with this order.

IT IS FURTHER ORDERED that the Commissioner's cross-motion to affirm (ECF No. 16) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of Plaintiff Victor Hugo Perez Luna and against Defendant and close this case.


DATED: September 8, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff argues that the final decision in his case arose from an unconstitutional administrative process and that the remedy for this violation is remand. *See* ECF No. 15 at 5-11 (noting that "remand itself would cure the constitutional defect presented here."). Since Plaintiff is receiving the remedy he seeks, the Court need not address the constitutionality of his first hearing. Similarly, the Court need not reach Plaintiff's argument that substantial evidence does not support the ALJ's conclusion that Plaintiff can perform the jobs identified because of his limited education and how it may conflict with the Occupational Outlook Handbook (OOH). *See* ECF No. 15 at 14-17. Because the Court remands for a new hearing, new testimony may be elicited about whether Plaintiff can perform the three occupations previously identified or different occupations. Plaintiff's ability to perform whatever occupations are identified (given his RFC, age, education, and work experience) will be addressed at this time.